**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>Netforce Seminars, et al.,<br><br>Defendants. | No. CV-00-02260-PHX-DWL<br><br>**ORDER** |

      In 2000, the Federal Trade Commission ("FTC") filed a complaint that charged Jay Noland with operating a multi-level marketing business called "Netforce Seminars" as an illegal pyramid scheme. (Doc. 1 [hereinafter, "the Netforce Seminars action"].) In 2002, the Netforce Seminars action resolved with the issuance of a permanent injunction. (Doc. 66.) Among other things, the injunction "permanently restrained and enjoined" Noland from (1) "engaging, participating or assisting in any manner or capacity whatsoever . . . in any prohibited marketing scheme," which included "a pyramid sales scheme," and (2) "making . . . any false or misleading statement or misrepresentation of material fact" "in connection with . . . any multi-level marketing program." (*Id.* at 2-4.) Although Noland was the only individual specified by name in the permanent injunction, it also applied to Noland's "agents, servants, employees, and those persons in active concert or participation with [Noland] who receive actual notice of this Order by personal service or otherwise." (*Id.* at 3-4.)

      Nearly two decades later, in 2020, the FTC filed a new complaint against Noland.

(*FTC v. Noland et al.*, CV-00-2260-PHX-DWL, Doc. 3 [hereinafter, "the Success By Health action"].) This complaint charges Noland and several of his business associates, including Scott Harris and Thomas Sacca, with operating a multi-level marketing business called "Success By Health" as an illegal pyramid scheme. (*Id*.) In February 2020, following an evidentiary hearing (*id.*, Docs. 86, 105), the Court granted the FTC's motion for a preliminary injunction (*id.*, Doc. 106). Among other things, the Court concluded that the FTC had demonstrated a likelihood of success on its claim that Noland, Harris, and Sacca were operating Success By Health as an illegal pyramid scheme (*id.* at 10-20) and had also demonstrated a likelihood of success on its claim that Noland, Harris, and Sacca had made false statements in connection with their operation of Success By Health (*id.* at 20-25).

Accordingly, the FTC has now filed a pair of motions in the Netforce Seminars action in which it seeks to order Noland, Harris, and Sacca to show cause why they shouldn't be held in contempt for violating the permanent injunction that was issued in that action. (Docs. 78, 91.) Noland argues in his response—which was filed before the issuance of the preliminary injunction in the Success By Health action—that he didn't violate the Netforce Seminars injunction and can't, in any event, be held in contempt for any violation in light of the injunction's ambiguity and his good-faith reliance on the advice of counsel. (Doc. 82.) At a minimum, Noland argues that any contempt proceeding should "take place after the anticipated trial on the FTC's request for a Permanent Injunction [in the 'Success By Health' action] so that the Court may benefit from a more complete record." (*Id.* at 12.) Meanwhile, Harris and Sacca argue in their response—which was filed after the issuance of the preliminary injunction in the Success By Health action—that the FTC's motion is procedurally improper because it effectively amounts to an attempt to add new parties in a closed case. (Doc. 98.)[1] According to Harris and Sacca, the FTC should instead be required to (1) file a new action requesting a contempt finding or (2) amend its complaint in the Success By Health action to include a claim requesting a contempt finding. (*Id.*)

---

[1]  Noland has filed a joinder in Harris and Sacca's response. (Doc. 99.)

On the one hand, the Court disagrees with Harris and Sacca's assertion that the FTC committed procedural error by filing a contempt-related motion in the action in which the underlying injunction was issued. "Civil contempt proceedings are considered to be a part of the action from which they stem." *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993) (internal quotations omitted). *See also* 4 Wright & Miller, Federal Practice & Procedure § 1017 (2020) ("Civil contempt proceedings are considered to be a part of the action that is the source of the order that is the subject of the noncompliance."); *FTC v. Kuykendall*, 371 F.3d 745, 749-51 (10th Cir. 2004) (concluding that an action was properly classified as "one of civil contempt" where the defendants and the FTC stipulated in October 1996 to the issuance of a permanent injunction and, in January 2002, "the FTC filed a motion to show cause why the defendants should not be found in contempt"). Thus, the Court will not require the FTC to file a new action or amend its complaint in the Success By Health action.

On the other hand, the Court agrees with Noland's contention that it would be premature to hold a full-blown contempt hearing right now. To obtain contempt sanctions, the FTC must not only succeed on its allegations in the Success By Health action but prove those allegations by clear-and-convincing evidence.[2] Noland, Harris, and Sacca have indicated in recent filings that they continue to dispute those allegations, believe the Court reached the wrong conclusion in its order granting a preliminary injunction, and believe they will ultimately prevail at the permanent-injunction stage. Given this backdrop, it makes sense—both as a matter of fairness to the defendants and as a matter of judicial efficiency—to resolve the issue of civil contempt (in the Netforce Seminars action) after the Court addresses the merits of the FTC's request for a permanent injunction (in the Success By Health action).

Accordingly, **IT IS ORDERED** that the FTC's motions for an order to show cause

---

[2] *See, e.g., FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) ("The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.") (citation omitted).

- 3 -

(Docs. 78, 91) are **granted in part and denied in part**.  The Court will address the FTC's request for civil contempt sanctions in this action after it resolves the FTC's request for a permanent injunction in the Success By Health action.  To the extent further sanctions-specific briefing is required, it will be solicited by separate order at an appropriate time.

Dated this 6th day of July, 2020.

Dominic W. Lanza
United States District Judge