**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-00-02260-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Netforce Seminars, et al., | |
| Defendants. | |

On March 22, 2022, the Court issued an order denying, without prejudice, the FTC's motion for civil contempt sanctions against Jay Noland, Scott Harris, and Thomas Sacca (together, "the Contempt Defendants"). (Doc. 130.) Now pending before the Court is the FTC's motion for reconsideration. (Doc. 131.) For the following reasons, the motion for reconsideration is denied.

**RELEVANT BACKGROUND**

In the underlying motion for civil contempt sanctions, the FTC asked the Court to impose a compensatory contempt award against the Contempt Defendants without the need for an evidentiary hearing. (Doc. 106.) The FTC's theory was that the Contempt Defendants had violated multiple provisions of the permanent injunction issued in this action ("the First Action") in 2002 and that the aggregate harm to consumers arising from those violations totaled $7,012,913.25. (*Id.*)

In the order denying the FTC's motion, the Court agreed that the FTC's evidence—which largely mirrored the evidence the FTC had submitted in support of a summary

judgment motion it filed in a related case ("the Second Action")—was sufficient to establish that the Contempt Defendants had committed many of the alleged violations of the permanent injunction but concluded that "the FTC has not clearly and convincingly established, at this stage of the proceedings, that the Contempt Defendants violated Sections I, II, and III of the permanent injunction through their operation of SBH. The FTC will need to seek to establish those violations at an evidentiary hearing." (Doc. 130 at 7-9.) Given this determination, the Court concluded that the FTC's damage calculations were "necessarily overstated" at this stage of the case, because "the FTC added together the net revenues earned from both SBH and VOZ Travel" when calculating its $7,012,913.25 figure. (*Id.* at 9.) Finally, the Court also noted two other potential problems in the FTC's approach to calculating financial remedies but "expresse[d] no prejudgment as to" those issues and simply observed that they would benefit from further briefing in advance of the evidentiary hearing. (*Id.* at 9-11.)

**DISCUSSION**

I. <u>Legal Standard</u>

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

II. <u>Analysis</u>

In its reconsideration motion, the FTC argues that the Court should have deemed its evidence sufficient to establish the SBH-related violations of Section I of the permanent injunction because, regardless of whether SBH qualifies as a "pyramid scheme" under Ninth Circuit law (which was the issue addressed in the summary judgment order in the Second Action), SBH necessarily qualifies as a "prohibited marketing scheme" as that term is defined by the permanent injunction." (Doc. 131 at 1-3.) The FTC notes that it raised

this distinction in its motion papers and argues that the Court overlooked the distinction in the challenged order. (*Id.*) The FTC further contends that "[c]orrecting this oversight from a highly unusual circumstance will narrow the scope of the upcoming consolidated trial." (*Id.* at 3.)

The Court acknowledges, in retrospect, that the order resolving the FTC's motion for contempt sanctions fails to address the FTC's arguments concerning the difference between how the term "pyramid scheme" is defined under Ninth Circuit law and how the term "prohibited marketing scheme" is defined in the permanent injunction. Nevertheless, the Court is not persuaded that the best and most efficient solution is to revisit the issue now via another written order issued in advance of an evidentiary hearing.

This case has been pending for over two years, discovery is closed, and a consolidated evidentiary hearing in the First and Second Actions will need to take place regardless of how the reconsideration motion is resolved. The Court has also come to conclude that, regardless of how the reconsideration motion is resolved, one of the issues that will need to be addressed during the consolidated hearing is whether SBH qualifies as a pyramid scheme as that term is defined by Ninth Circuit law.[1] If, during the consolidated hearing, the FTC is able to establish that SBH so qualifies, such a finding will also establish that the Contempt Defendants violated Section I of the permanent injunction via their operation of SBH. Such an outcome would, in turn, obviate the need to resolve whether the permanent injunction's definition of "prohibited marketing scheme" differs materially from the Ninth Circuit's definition of "pyramid scheme," and, if so, whether SBH qualifies as the former even if it does not qualify as the latter.

Furthermore, there are unresolved issues regarding the FTC's request for financial

---

[1] Although the Court previously suggested that its summary judgment ruling in the FTC's favor in the Second Action with respect to VOZ Travel eliminated the need for "a trial on whether SBH also operated as a pyramid scheme" (Second Action, Doc. 407), the FTC subsequently clarified that the Court may need to resolve the SBH pyramid-scheme issue before deciding the scope of permissible injunctive relief in the Second Action (Second Action, Doc. 413). Having now more fully considered that issue as the case has progressed, the Court agrees that the SBH pyramid-scheme issue needs to be resolved, irrespective of how other contested issues in the First and Second Actions play out.

remedies. Depending on how those issues are resolved, they too may obviate the need to address, in the First Action, whether SBH qualifies as a "prohibited marketing scheme" even if it does not qualify as a "pyramid scheme."

Given this backdrop, this is not one of those unusual circumstances where reconsideration of an interlocutory order is warranted.

Accordingly, **IT IS ORDERED** that the FTC's motion for reconsideration (Doc. 131) is **denied**.

Dated this 30th day of March, 2022.

Dominic W. Lanza
United States District Judge